SEASIDE HOME, CAPE MAY POINT, NEW JERSEY, A COR-
PORATION, PROSECUTOR, v. STATE BOARD OF TAXES
AND ASSESSMENT AND BOROUGH OF CAPE MAY
POINT, RESPONDENTS.

Submitted July 6, 1922—Decided November 8, 1922.

The property of the Seaside Home at Cape May Point, owned and
used by a corporation of New Jersey, for charitable purposes,
although closed on the date of the assessment and not in actual
use on that date, is exempt from taxation, under *Pamph. L.* 1918,
*p.* 848, ¶¶ 203 (4). *Borough of Longport* v. *Bamberger*, 91
*N. J. L.* 330, and *Institute of Holy Angels* v. *Borough of Fort
Lee*, 80 *Id.* 545, distinguished.

On *certiorari*.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *John D. McMullin.*

For the respondents, *Ernest W. Lloyd.*

The opinion of the court was delivered by

BLACK, J. The prosecutor's property was assessed by the
borough of Cape May Point for the year 1921 at a valuation
of—land, $1,450; building, $7,800; personalty, $2,525;
total, $11,775. The prosecutor is known as the Seaside
Home. The assessment was canceled by the Cape May
county board of taxation. On appeal to the state board of
taxes and assessment, the order of the county board, in can-
celing the assessment, was reversed. The facts are admitted.
The question involved is one of exemption. The precise
point is, was the home actually used, within the meaning of
the statute, as a home, at the date of the assessment? The
property had been used exclusively as a summer home for
eighteen or twenty years. Sometimes it closes in September,
sometimes in October, depending upon the season. In 1920,

October 1st, the date of the assessment, it was not actually open. It was not in actual use. It is solely adapted for summer use—the particular purpose and use of the property is a summer home for children and old persons, supported by charity. There is no question raised as to the charitable purpose of the home. It is a New Jersey corporation.

The statute—*Pamph. L.* 1918, *p.* 848, ¶¶ 203 (4)—provides, "all buildings actually and exclusively used, etc., or for religious, charitable or hospital purposes," etc., "the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned, and to no other purpose, and does not exceed five acres in extent; the furniture and personal property in said buildings, if used in and devoted to the purposes above mentioned," shall be exempt from taxation.

The state board rested its decision upon the ground that the words *"actually used"* in the statute mean in actual use on the day of the assessment, *i. e.*, the 1st day of October in each year. *Pamph. L.* 1918, *p.* 848, ¶ 202. This is too rigid and too narrow a construction of the statute in its application to the facts under discussion. It entirely ignores the spirit and purpose of the statute. The test of exemption cannot be made to turn upon the fact of an accidental closing of the home depending upon the weather sometimes earlier, sometimes later in the season. One year, on the date of the assessment, the home would be open and in actual use, then it would not be taxable. The next year it would not be open and in actual use, but closed, it would then be taxable.

The case is clearly distinguished from the cases of the *Borough of Longport* v. *Bamberger*, 91 *N. J. L.* 330, and *Institute of Holy Angels* v. *Borough of Fort Lee*, 80 *Id.* 545. In both of those cases, while the buildings in the course of erection were intended to be used for a charitable purpose, they had never been actually used for any purpose, and were not in use on the date of the assessment. Intention to use the property cannot be made the test of exemption from taxation under the statute.

The result therefore is the tax is set aside and canceled. The judgment of the state board of taxes and assessment is reversed, with costs.