STATE BOARD OF TAX APPEALS.

TRENTON LADIES SICK BENEFIT SOCIETY, PETITIONER,
v. CITY OF TRENTON, RESPONDENT.

Decided February 4, 1941.

For the petitioner, *Rudolph Eisner*.

For the respondent, *Louis Josephson* (by *John A. Brieger*).

QUINN, President. Petitioner applies for exemption from an assessment for taxation levied by the city of Trenton for the year 1939, upon a structure owned by it, which it is claimed was "actually used" for charitable purposes as of the assessing date, October 1st, 1938. It satisfactorily appears that petitioner has used the building as a home for aged indigent persons, and that all of the prerequisites for exemption set forth in *R. S.* 54:4-3.6 have been met, if the building can be said to have been so actually used as of October 1st, 1938. An appeal from the assessment to the Mercer County Board of Taxation resulted in a reduction of the assessed valuation, but not in total exemption.

Upon the crucial issue of "actual use," the facts proven at the hearing were that the building was acquired by petitioner sometime prior to October 1st, 1938, for remodeling and conversion into a home for aged indigent persons and the

work of preparing the building for such use was fully completed by the middle of September, 1938. There were then resident in the building, as caretakers, a man and wife. The institution was able, ready and willing to accept inmates at that time, but none were actually admitted until November, as the first application for admission was not made until the early part of October.

The taxing district contends that, on October 1st, 1938, the building was not "actually" in use for charitable purposes, as required by the statute, since, upon that date, there was not there resident any object of its charity, and it cites in support of its position, *Borough of Longport* v. *Bamberger* (*Court of Errors and Appeals,* 1917), 91 *N. J. L.* 330; 102 *Atl. Rep.* 633, and *Holy Angels* v. *Fort Lee* (*Supreme Court,* 1910), 80 *N. J. L.* 545. We think these decisions are not precisely applicable to the instant situation. In the Bamberger Case, the building had not been *opened for use* upon the assessing date, while in the Fort Lee case, the structure in question was only in course of construction as of the assessing date. On the other hand, in the case before us, petitioner had, well in advance of the assessing date, a fully operating institution, ready and waiting to expend its charitable endeavors on those who might apply for them. We do not regard it as of consequence that the machinery of charity, operating prior to October 1st, 1938, found no object for its beneficence until shortly after that date. In *Seaside Home* v. *State Board, &c.* (*Supreme Court,* 1922), 98 *Id.* 110; 118 *Atl. Rep.* 704, the Supreme Court heard the contention that a charitable summer camp was not entitled to exemption because the summer season had terminated prior to the October 1st preceding, and that there was therefore no actual charitable use as of the assessing date. The contention thus urged was rejected by the court as too narrow and rigid a construction of the statutory requirement. So, too, we think, in the present case.

The judgment of the Mercer County Board of Taxation is reversed, and the assessment in question ordered canceled.